**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSA MARIA GONZALEZ, | No.    20-71998 |
| Petitioner, | Agency No. A096-493-547 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 25, 2022[**]
San Francisco, California

Before:  GRABER and WARDLAW, Circuit Judges, and BAKER,[***] International Trade Judge.

Petitioner Rosa Maria Gonzalez, a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' ("BIA") denial of her third motion to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

reopen immigration proceedings. We review denials of motions to reopen for abuse of discretion. Toufighi v. Mukasey, 538 F.3d 988, 992 (9th Cir. 2008). Petitioner's motion to reopen is both number-barred and time-barred. 8 U.S.C. § 1229a(c)(7)(A); 8 U.S.C. § 1229a(c)(7)(C)(i).

1. The BIA did not abuse its discretion in concluding that Petitioner's ineffective assistance of counsel claim was not equitably tolled. The BIA permissibly determined that Petitioner did not "act[] with due diligence in discovering [any] deception, fraud, or error" that may have prevented her from including this claim with the other ineffective assistance of counsel claims that she raised in her first motion to reopen in 2010. Iturribarria v. INS, 321 F.3d 889, 897 (9th Cir. 2003).

2. Likewise, the BIA did not abuse its discretion in concluding that Petitioner's adoption of a child in 2014 did not equitably toll the deadline for filing her motion to reopen. Petitioner filed her motion five years after she adopted the child. The BIA did not act "arbitrarily, irrationally or contrary to law" in determining that Petitioner's long delay in filing the motion did not warrant equitable tolling. Toufighi, 538 F.3d at 992.

3. We lack jurisdiction to hear Petitioner's claim that the BIA erred in declining to reopen her proceedings sua sponte. Generally, "we lack jurisdiction to review the Board's decision not to invoke its sua sponte authority to

2

reopen . . . proceedings." Sharma v. Holder, 633 F.3d 865, 874 (9th Cir. 2011). Although we retain jurisdiction for "the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error," Bonilla v. Lynch, 840 F.3d 575, 588 (9th Cir. 2016), there is no such error here. The BIA applied the correct legal standard and concluded that Petitioner had not demonstrated exceptional circumstances that warranted reopening. Accordingly, we lack jurisdiction to review any other aspects of the BIA's declination to reopen proceedings sua sponte.

**PETITION DENIED IN PART and DISMISSED IN PART.**